IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

CHRIS NEWMAN
110 Orchard Street
Mt. Vernon, New York 10552
         *Plaintiff*

  - vs-

METRO-NORTH COMMUTER
RAILROAD
347 Madison Avenue
New York, NY 10017

      AND

JONES LANG LaSALLE
25 Vanderbilt Avenue
Hall 1-A
New York, New York 10017
         *Defendant*

----------------------------------------x

CIVIL ACTION

Index No. '07 CIV 5622

JUDGE KRAM

COMPLAINT



RECEIVED
JUN 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, Chris Newman claims of the defendant a sum in excess of One Hundred Thousand ($100,000.00) Dollars in damages, plus costs and disbursements, upon a cause of action whereof the following is a statement:

    1.    Plaintiff, Chris Newman, is a citizen and resident of Mt. Vernon, New York 10552.

    2.    Defendant, Metro-North Commuter Railroad, at all times herein mentioned, was a corporation duly organized and existing according to law, engaged and engaging in the business of owning and operating a line and systems of railroads and railroad properties as a common carrier by railroad of goods and passengers for hire in interstate commerce, and transportation in, through and between various and several states of the United States, and doing business and having an office in the City of New York, State of New York.

3. Defendant, Jones Lang LaSalle, is alleged and therefore averred to be a corporation, partnership, and/or other business entity, licenced to transact business in the State of New York, with their regular place of business located therein at 25 Vanderbilt Avenue, Hall 1-A, New York, New York 10017.

4. At all times relevant thereto, defendant, Jones Lang LaSalle was acting as an agent, servant, workmen, contractor, and/or a subcontractor of defendant, Metro-North Commuter Railroad. In the alternative, defendant, Jones Lang LaSalle was acting as an independent contractor of defendant, Metro-North Commuter Railroad.

## COUNT - I
### Chris Newman v. Metro North Commuter Railroad

4. Plaintiff incorporates the aforementioned averments as if fully set forth in length.

5. Plaintiff, at all times mentioned and for sometime prior thereto, was in the employment of the defendant as a mason foreman in its business of interstate commerce and transportation by railroad.

6. This action is brought under the Federal Employers' Liability Act, 45 U.S.C.A., §51-60.

7. On or about July 17, 2005, at Grand Central Terminal, plaintiff was traversing the "D" Hall stairs when he was caused to slip, trip and otherwise fall to the ground by way of the presence of water and/or other liquid substance on the stairs, thereby causing him to suffer severe and serious injuries and damages through the course and scope of his employment with defendant, Metro-North Commuter Railroad.

8. At the said time, defendant, Metro-North Commuter Railroad was guilty of the

following acts of negligence and unlawful conduct which directly and proximately caused the accident and injuries in question:

    a.    failure to maintain and repair the premises, specifically the floors and stairs, in a condition which would protect and safeguard persons lawfully upon said premises;

    b.    permitting said premises, specifically the floors and stairs, to become and remain defective so as to constitute a menace, danger, nuisance and/or trap to persons lawfully upon said premises;

    c.    failure to have the premises, specifically the floors and stairs, inspected at reasonable intervals in order to determine the condition of same;

    d.    allowing the presence of water or other liquid and/or other defective conditions to remain on said premises;

    e.    failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon;

    f.    failure to barricade and/or otherwise post warning signs so as to protect and safeguard plaintiff and other persons lawfully upon said premises;

    g.    failure to provide a safe workplace.

9. The injuries in question were caused solely by the negligence of defendant's servants, agents, employees, contractors, subcontractors and/or independent contractors, and were in no way caused by any negligence of plaintiff.

10. As a direct and proximately result of defendant's negligence and unlawful conduct, plaintiff was caused to suffer personal injuries.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and disbursements incurred herein.

## COUNT -II
## Chris Newman v. Jones Lang LaSalle

11. Plaintiff hereby incorporates the aforementioned averments as if fully set forth in length.

12. At the said time, defendant, Jones Lang LaSalle was guilty of the following acts of negligence and unlawful conduct which directly and proximately caused the accident and injuries in question:

    a. failure to maintain and repair the premises, specifically the floors and stairs, in a condition which would protect and safeguard persons lawfully upon said premises;

    b. permitting said premises, specifically the floors and stairs, to become and remain defective so as to constitute a menace, danger, nuisance and/or trap to persons lawfully upon said premises;

    c. failure to have the premises, specifically the floors and stairs, inspected at reasonable intervals in order to determine the condition of same;

    d. allowing the presence of water or other liquid and/or other defective conditions to remain on said premises;

    e. failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon;

    f. failure to barricade and/or otherwise post warning signs so as to protect and safeguard plaintiff and other persons lawfully upon said premises;

13. The injuries in question were caused solely by the negligence of defendants, its servants, agents and/or employees, and were in no way caused by any negligence of plaintiff.

14. As a direct and proximately result of defendant's negligence and unlawful conduct,

plaintiff was caused to suffer personal injuries.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and disbursements incurred herein.

                                                    **MICHAEL ZHU, ESQUIRE, P.C.**

by:     _____ (MH27500)
          MICHAEL ZHU, ESQUIRE
          Attorney for the Plaintiff
          14 Wall Street Street, 22nd Floor
          New York, NY 10005
          212-227-2245
          212-227-2265(fax)

**OF COUNSEL:**
**BARISH ♦ ROSENTHAL**
RUDOLPH V. DeGEORGE, II, ESQUIRE
Bell Atlantic Tower
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
215 923-8900/ fax 215 351-0593

# VERIFICATION

I, MICHAEL ZHU, Esquire, hereby states that I am the attorney for the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 6/12/07

MICHAEL ZHU, ESQUIRE  MHZ 7500

| Index No. | Year | RJI No. | Hon. |
|---|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS NEWMAN,

                        Plaintiff,

  -against-

METRO-NORTH COMMUTER RAILROAD and JONES LANG LaSALLE

                        Defendants.

## VERIFIED COMPLAINT

MICHAEL H. ZHU, ESQ.

*Attorneys for Plaintiff Chris Newman*

*Office and Post Office Address, Telephone*

14 WALL STREET, 22ND FLOOR
NEW YORK, N.Y. 10005
(212) 227-2245

To

Signature (Rule 130-1.1-a)

..................................................
Print name beneath

Attorney(s) for

Service of a copy of the within                                 is hereby admitted.

Dated,
..................................................
Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order                         of which the within is a true copy will be presented for
settlement to the HON.                 one of the judges
of the within named court, at
on                       at                 M

Dated,                                         Yours, etc.
                                        MICHAEL H. ZHU, ESQ.
                                        *Attorneys for plaintiff Chris Newman*
To                                          *Office and Post Office Address*
                                         14 WALL STREET, 22ND FLOOR
Attorney(s) for                             NEW YORK, N.Y. 10005