AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

Chris Newman

V.

METRO-NORTH COMMUTER RAILROAD

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**07 CIV 5622**

**JUDGE KRAM**

(SWK)

TO: (Name and address of Defendant)

Metro-North Commuter Railroad
347 Madison Avenue
New York, New York 10017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Michael H. Zhu, Esquire, P.C.
14 Wall Street, 22nd Floor
New York, New York 10005

of counsel

Paul J. Riley, Esquire
Barish Rosenthal
Bell Atlantic Tower
1717 Arch Street, Suite 4020
Philadelphia, Pa 19103



ACCEPTED ON BEHALF OF METRO-NORTH
JUN 15 2007

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 13 2007

CLERK _Marcos Quintero_     DATE

(By) DEPUTY CLERK

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

| | |
|---|---|
| CHRIS NEWMAN<br>110 Orchard Street<br>Mt. Vernon, New York 10552<br>        *Plaintiff*<br><br>- vs -<br><br>METRO-NORTH COMMUTER<br>RAILROAD<br>347 Madison Avenue<br>New York, NY 10017<br><br>AND<br><br>JONES LANG LaSALLE<br>25 Vanderbilt Avenue<br>Hall 1-A<br>New York, New York 10017<br>        *Defendant* | CIVIL ACTION    **JUDGE KRAM**<br><br>**'07 CIV 5622**<br><br>ACCEPTED ON BEHALF OF<br>METRO-NORTH<br>JUN 1 5 2007<br><br><br>COMPLAINT<br><br>RECEIVED<br>JUN 1 3 2007<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

---------------------------------x

    Plaintiff, Chris Newman claims of the defendant a sum in excess of One Hundred Thousand ($100,000.00) Dollars in damages, plus costs and disbursements, upon a cause of action whereof the following is a statement:

    1.    Plaintiff, Chris Newman, is a citizen and resident of Mt. Vernon, New York 10552.

    2.    Defendant, Metro-North Commuter Railroad, at all times herein mentioned, was a corporation duly organized and existing according to law, engaged and engaging in the business of owning and operating a line and systems of railroads and railroad properties as a common carrier by railroad of goods and passengers for hire in interstate commerce, and transportation in, through and between various and several states of the United States, and doing business and having an office in the City of New York, State of New York.

3. Defendant, Jones Lang LaSalle, is alleged and therefore averred to be a corporation, partnership, and/or other business entity, licenced to transact business in the State of New York, with their regular place of business located therein at 25 Vanderbilt Avenue, Hall 1-A, New York, New York 10017.

4. At all times relevant thereto, defendant, Jones Lang LaSalle was acting as an agent, servant, workmen, contractor, and/or a subcontractor of defendant, Metro-North Commuter Railroad. In the alternative, defendant, Jones Lang LaSalle was acting as an independent contractor of defendant, Metro-North Commuter Railroad.

## COUNT - I
## Chris Newman v. Metro North Commuter Railroad

4. Plaintiff incorporates the aforementioned averments as if fully set forth in length.

5. Plaintiff, at all times mentioned and for sometime prior thereto, was in the employment of the defendant as a mason foreman in its business of interstate commerce and transportation by railroad.

6. This action is brought under the Federal Employers' Liability Act, 45 U.S.C.A., §51-60.

7. On or about July 17, 2005, at Grand Central Terminal, plaintiff was traversing the "D" Hall stairs when he was caused to slip, trip and otherwise fall to the ground by way of the presence of water and/or other liquid substance on the stairs, thereby causing him to suffer severe and serious injuries and damages through the course and scope of his employment with defendant, Metro-North Commuter Railroad.

8. At the said time, defendant, Metro-North Commuter Railroad was guilty of the

following acts of negligence and unlawful conduct which directly and proximately caused the accident and injuries in question:

    a.   failure to maintain and repair the premises, specifically the floors and stairs, in a condition which would protect and safeguard persons lawfully upon said premises;

    b.   permitting said premises, specifically the floors and stairs, to become and remain defective so as to constitute a menace, danger, nuisance and/or trap to persons lawfully upon said premises;

    c.   failure to have the premises, specifically the floors and stairs, inspected at reasonable intervals in order to determine the condition of same;

    d.   allowing the presence of water or other liquid and/or other defective conditions to remain on said premises;

    e.   failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon;

    f.   failure to barricade and/or otherwise post warning signs so as to protect and safeguard plaintiff and other persons lawfully upon said premises;

    g.   failure to provide a safe workplace.

9.   The injuries in question were caused solely by the negligence of defendant's servants, agents, employees, contractors, subcontractors and/or independent contractors, and were in no way caused by any negligence of plaintiff.

10.   As a direct and proximately result of defendant's negligence and unlawful conduct, plaintiff was caused to suffer personal injuries.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and disbursements incurred herein.

## COUNT -II
### Chris Newman v. Jones Lang LaSalle

11. Plaintiff hereby incorporates the aforementioned averments as if fully set forth in length.

12. At the said time, defendant, Jones Lang LaSalle was guilty of the following acts of negligence and unlawful conduct which directly and proximately caused the accident and injuries in question:

    a. failure to maintain and repair the premises, specifically the floors and stairs, in a condition which would protect and safeguard persons lawfully upon said premises;

    b. permitting said premises, specifically the floors and stairs, to become and remain defective so as to constitute a menace, danger, nuisance and/or trap to persons lawfully upon said premises;

    c. failure to have the premises, specifically the floors and stairs, inspected at reasonable intervals in order to determine the condition of same;

    d. allowing the presence of water or other liquid and/or other defective conditions to remain on said premises;

    e. failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon;

    f. failure to barricade and/or otherwise post warning signs so as to protect and safeguard plaintiff and other persons lawfully upon said premises;

13. The injuries in question were caused solely by the negligence of defendants, its servants, agents and/or employees, and were in no way caused by any negligence of plaintiff.

14. As a direct and proximately result of defendant's negligence and unlawful conduct,

plaintiff was caused to suffer personal injuries.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and disbursements incurred herein.

                                                      MICHAEL ZHU, ESQUIRE, P.C.

by:       _____ (MH2750)
            MICHAEL ZHU, ESQUIRE
            Attorney for the Plaintiff
            14 Wall Street Street, 22nd Floor
            New York, NY 10005
            212-227-2245
            212-227-2265(fax)

**OF COUNSEL:**
**BARISH ◆ ROSENTHAL**
RUDOLPH V. DeGEORGE, II, ESQUIRE
Bell Atlantic Tower
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
215 923-8900/ fax 215 351-0593

# **VERIFICATION**

I, MICHAEL ZHU, Esquire, hereby states that I am the attorney for the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 6/12/07

MICHAEL ZHU, ESQUIRE  MHZ 7500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRIS NEWMAN,

                        Plaintiff,

  -against-                                    RULE 7.1 STATEMENT

                                                   07 Civ. 5622 (J. Kram)

METRO-NORTH COMMUTER RAILROAD
and JONES LANG LaSALLE,

                        Defendants.
----------------------------------------------------------------X

METRO-NORTH COMMUTER RAILROAD ("METRO-NORTH") is a public benefit corporation. (See N.Y. Pub. Auth. L. §§1260, et seq. (McKinney 1982 & Supp. 1992)).

Accordingly, Rule 7.1 does not apply to Metro-North.

Dated: New York, New York                RICHARD K. BERNARD
         June 28, 2007                       GENERAL COUNSEL

                                         BY: _____
                                          Ioana Wenchell – IW/4775
                                          Attorneys for Defendant,
                                           Metro-North Commuter Railroad
                                          347 Madison Avenue
                                          New York, New York 10017
                                          (212) 340-2203

— Exhibit 2 —

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIS NEWMAN,

                        Plaintiff,

  -against-                                      ANSWER

                                                        07 Civ. 5622 (J. Kram)

METRO-NORTH COMMUTER RAILROAD
and JONES LANG LaSALLE,

                        Defendants.
------------------------------------------------------------X

      Defendant, Metro-North Commuter Railroad (hereinafter referred to as "Metro-North"), by its attorney, Richard K. Bernard, Esq., as and for its answer to the complaint of the plaintiff, alleges as follows, upon information and belief:

      1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 1 and 3 of the complaint.

      2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 2 of the complaint and refers all questions of law and fact to judge and jury, except admits Metro-North is a corporation duly organized and existing according to law.

      3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first paragraph(s) 4 of the complaint and refers all questions of law and fact to judge and jury.

                                  ANSWERING COUNT I

      4. Defendant repeats and realleges each and every answer made to paragraph(s) 1 through 4 of plaintiff's complaint in response to the allegations contained in the second paragraph 4 of the complaint as if more fully set forth herein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 5 of the complaint and refers all questions of law and fact to judge and jury, except admit that plaintiff was employed by defendant Metro-North.

6. Denies upon information and belief each of the allegations contained in paragraph(s) 6 of the complaint and refers all questions of law and fact to judge and jury.

7. Denies the allegations contained in paragraph(s) 7, 8, 9 and 10 of the complaint.

## ANSWERING COUNT II

8. Defendant repeats and realleges each and every answer made to paragraph(s) 1 through 10 of plaintiff's complaint in response to the allegations contained in paragraph 11 of the complaint as if more fully set forth herein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 12, 13 and 14 of the complaint.

## AS AND FOR AN AFFIRMATIVE DEFENSE

10. As and for an affirmative defense, or as a defense in mitigation of damages, the defendant claims that any injuries allegedly sustained by the plaintiff were caused, in whole or in part, by reason of the culpable conduct of the plaintiff.

## AS AND FOR A CROSS-CLAIM

11. As and for a cross-claim against Jones Lang LaSalle, the defendant, Metro-North alleges that if the plaintiff(s) suffered damages as alleged in the complaint through negligence other than plaintiff's own negligence, said damages were caused in whole or in part, by the negligent acts of omission or commission of the aforementioned defendant.

12. That if the plaintiff(s) should recover judgment against the answering defendant on the basis of apportionment of responsibility for the alleged occurrence, the answering defendant is entitled to indemnification and/or contractual indemnification from, and judgment over against, the aforementioned defendant, Jones Lang LaSalle, for all or any part of the verdict or judgment which the plaintiff may recover.

WHEREFORE, the defendant, Metro-North demands judgment dismissing the complaint, and further demands judgment over and against Jones Lang LaSalle for the amount of any judgment obtained against the answering defendant, or on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with costs and disbursements, and expenses of this action, including attorneys' fees.

Dated: New York, New York
      June 28, 2007

RICHARD K. BERNARD
GENERAL COUNSEL

By: _____
Ioana Wenchell – IW/4775
Attorneys for Defendant,
Metro-North Commuter Railroad
347 Madison Avenue
New York, New York 10017
212-340-2203

TO: Michael H. Zhu, Esq.
     Attorney for Plaintiff
     14 Wall Street, 22nd Floor
     New York, New York 10005
     212-227-2245 – MHZ/7500

STATE OF NEW YORK    :
                     :ss:
COUNTY OF NEW YORK:

LAURA MATTHEWS, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in the Bronx, New York.

On June 29, 2007, I served a true copy of the annexed Answer and Rule 7.1 Statement, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:   Michael H. Zhu, Esq.
      Attorney for Plaintiff
      14 Wall Street, 22nd Floor
      New York, New York  10005
      212-227-2245

      Jones Lang LaSalle
      25 Vanderbilt Avenue, Hall 1-A
      New York, New York  10017

                                                    _____
                                                    LAURA MATTHEWS

Sworn to before me this
29 day of June, 2007

_____
NOTARY PUBLIC

MARILYN BARRETT
NOTARY PUBLIC - State of New York
No. 01BA6150300
Qualified in Queens County
Commission Expires July 24, 2010

Newman,Chris